Sarah PAYNE, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Department of Social Security, Defendant—Appellee.

No. 03–57009.

D.C. No. CV–01–10957–GHK.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2005.*

Decided Sept. 16, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jan L. Luymes, USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before GRABER and W. FLETCHER, Circuit Judges, and FOGEL,** District Judge.

## MEMORANDUM ***

Sarah Payne, an employee of the Social Security Administration, filed her complaint on December 21, 2001, alleging claims under Title VII, 42 U.S.C. § 2000e(a)(1)-(2), for sexual harassment, failure to promote, retaliation, and creation of a hostile work environment. The dis-

trict court held in its first summary judgment decision that Payne had failed to exhaust her administrative remedies for all but a few discrete acts of sexual harassment. Notwithstanding this decision, Payne filed an amended complaint that alleged the same causes of action based on an identical list of incidents. She noted that, although she may not have exhausted her administrative remedies for most of the incidents, she did so for several of them. Under *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), Payne contended, the district court should therefore have treated all the incidents as part of a single hostile work environment claim. In its second summary judgment decision, the district court rejected Payne's *Morgan* argument, but nonetheless considered all the claims and dismissed the hostile work environment claim on its merits. Payne argues that the first summary judgment decision restricting her claim to a few incidents was erroneous. She does not appeal any issue relating to the second summary judgment decision.

Even assuming (without deciding) that the district court improperly granted summary judgment in its first decision, Payne's appeal must fail. Reversal is improper if the district court's error was harmless. *See* 28 U.S.C. § 2111; *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The appellant must show that she suffered prejudice from the alleged error. *Obrey v. Johnson*, 400 F.3d 691, 699 (9th Cir.2005); *Phoenix Eng'g & Supply Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1142 (9th Cir. 1997). In its second summary judgment decision, the district court considered on

** The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

the merits precisely the incidents Payne contends it should have considered. Thus, if we were to agree with Payne and remand to the district court, the district court would engage in precisely the same analysis in which it engaged in granting the second summary judgment. The second summary judgment renders harmless any error in the first summary judgment. *Citrus Valley Estates, Inc. v. Commissioner,* 49 F.3d 1410, 1415–16 (9th Cir.1995). Payne does not appeal this second summary judgment and has thus waived any argument that it was granted in error. *Officers for Justice v. Civil Serv. Comm'n of San Francisco,* 979 F.2d 721, 726 (9th Cir.1992).

Because any possible error in the district court's first summary judgment decision was harmless, we AFFIRM.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.